IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID ALLEN FELTS, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-116-A |
| | § | (NO. 4:13-CR-100-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of David Allen Felts ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response,[1] and pertinent parts of the record in Case No. 4:13-CR-100-A, styled "United States of America v. Jaymie Lynn Sellers et al," the court has concluded that such motion should be denied.

I.

Background

On August 9, 2013, movant entered a plea of guilty to possession of controlled substance with intent to distribute. CR

---

[1] Movant was given until March 24, 2016, to file a reply to such response. Doc. 5. On March 28, 2016, movant filed a motion to extend time to reply to such response asking for two additional weeks. Doc. 9. The court granted movant's motion and allowed him until April 11, 2016, to file a reply. Doc. 10. To date no reply has been filed. The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-116-A.

Doc.[2] 109. Movant's imprisonment range was 480 months imprisonment, and on December 13, 2013, the court sentenced him to a term of 480 months' imprisonment and five years of supervised release. CR Doc. 208; CR. Doc. 209. Movant appealed his sentence and the sentence was affirmed. United States v. Felts, 583 F. App'x 463 (5th Cir. 2014), cert. denied, 135 S. Ct. 1519 (2015).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

Movant asserts four grounds in support of his motion. Doc. 2. The grounds, as stated by movant, are as follows:

> Ground One: Counsel was ineffective by failing to object to PreSentence Report and application of the Base Offense Level increase for Role in the Offense and Drug Purity.

\* \* \* \* \* \*

> Ground Two: Counsel was ineffective by failing to object to Pre-Sentence Report and Application of the enhancement to the Base Offense Level for "Importation" being selectively applied in a way that violates 'due process.'

\* \* \* \* \* \*

---

[2] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:13-CR-100-A.

2

Ground Three: Counsel was ineffective whereas he abandoned his objection to the Obstruction of Justice enhancement and effectively abandoned the movant at Sentencing.

* * * * * *

Ground Four: Counsel was ineffective whereas he failed to conduct a thorough Pre-Sentence Investigation and the omission resulted in movant receiving a substantially longer sentence.

Doc. 2 at 3a-5a & 7a (errors in original).

III.

Analysis

A. Pertinent Legal Principles

1. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

3

Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

2. Legal Standard for Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011)

4

(quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.   The Grounds of the Motion are Without Merit

    1.   Ground One

Movant's first ineffective assistance of counsel claim relates to counsel's failure to object to the base offense level calculated in his presentence report related to his role in the conspiracy and the drug purity. Doc. 2 at 3-4. While this claim is styled as an ineffective assistance of counsel claim, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines which it appears is movant's main goal. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Even if this is an ineffective assistance of counsel claim, movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

Movant's counsel objected to the presentence report in relation to the drug quantity based on the timing of movant's involvement in the conspiracy and the amount of drugs attributed to movant. CR. Doc. 214 at 1-2. In addition, counsel for movant objected to the increase based on movant's role in the conspiracy. Id. at 3.

Movant contends that the objections counsel made "[are] tantamount to no objection at all," and that counsel should have made an objection regarding double counting of drugs. Doc. 2 at 4a. An ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." See United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted). Movant has not shown that counsel's failure to raise an argument regarding double counting of drug quantities was ineffective assistance of counsel.

2. Ground Two

Movant's second ineffective assistance of counsel claim is that counsel failed to object to an increase based on importation, which he contends was selectively applied in violation of due process. Doc. 2 at 4a-5a. As stated above, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines which it appears is movant's main goal. Williamson, 183 F.3d at 462. To the extent that this is an ineffective assistance of counsel argument,

6

movant's counsel did object to the increase based on importation. CR. Doc. 292 at 13-16. Counsel made substantially the same argument that movant sets forth should have been made. CR. Doc. 213 at 1-2; Doc. 2 at 4a-5a. Thus, movant has not shown that counsel was ineffective as to his objection to the increase for importation.

3. Ground Three

Movant's third ground involves failure of counsel to object to the increase for obstruction of justice. Doc. 2 at 5a-7a. Movant raised this ground on appeal and "[i]t is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); Felts, 583 F. App'x at 464. Furthermore, as stated above, misapplication of sentencing guidelines are not properly raised in § 2255 motions. Williamson, 183 F.3d at 462. Movant has attempted to reframe his argument as an ineffective assistance of counsel claim, but has failed to show that counsel was ineffective.

4. Ground Four

Movant's fourth ground of ineffective assistance of counsel alleges that counsel failed to conduct a sufficient presentence investigation and as a result, drugs were attributed to movant that should not have been. Doc. 2 at 7a-10a. The basis of this

7

allegation is that drugs were attributed to movant from periods of time when he was not a part of the conspiracy, including times when movant was incarcerated. Id. at 7a. Again, movant cannot use a § 2255 to raise a claim that the sentencing guidelines were misapplied. Williamson, 183 F.3d at 462.

Counsel objected to the drug quantity attributed to movant and movant admits that "counsel's objection was on-point." Doc. 2 at 7a-8a. However, movant asserts that if counsel had made an investigation into the amount of drugs attributed to movant, the objection would have had more substance. Id. Movant has provided no evidence to suggest that counsel's performance was unreasonable in failing to challenge the drug quantity attributed to movant in a different way than what he did. See Strickland, 466 U.S. at 687. Neither has movant shown that if counsel had further objected or objected on the basis that movant would now like to raise, it would have changed the outcome of the proceeding. See id. As previously stated, movant cannot prevail on an ineffective assistance of counsel claim by merely stating conclusory allegations. See Ross, 694 F.2d at 1012.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

* * * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 20, 2016.

_____
JOHN McBRYDE
United States District Judge